UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DEREK BENNETT,

Plaintiff,

- against -

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
24-CV-8694 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Derek Bennett filed this action pursuant to 42 U.S.C. § 405(g) to challenge an adverse determination by the Social Security Administration ("SSA"), which had denied Plaintiff Disability Insurance Benefits ("DIB"). After Plaintiff filed a motion for judgment on the pleadings, the parties stipulated to remand the case to the SSA where Plaintiff was awarded roughly $266,256 in past-due benefits. Plaintiff now moves for $66,564 in attorney's fees pursuant to 42 U.S.C. § 406(b) ("Section 406(b)") for the work performed by his counsel, Christopher James Bowes. For the reasons explained below, Plaintiff's motion is granted, and Mr. Bowes is awarded $66,564.

## BACKGROUND

After Plaintiff was denied DIB at the agency level, Plaintiff retained Christopher James Bowes and filed an action on January 27, 2023, seeking review of the SSA's denial. *See* Compl., *Bennett v. Kijakazi*, No. 23-CV-0612 (HG) (E.D.N.Y. Jan. 27, 2023), Dkt. 1. After Plaintiff filed a motion for judgment on the pleadings, *see* Mot. J. Pleadings, *Bennett v. Kijakazi*, No. 23-CV-0612 (HG) (E.D.N.Y. May 1, 2023), Dkt. 7, the SSA consented to a joint motion to remand, *see* Joint Mot. Remand, *Bennett v. Kijakazi*, No. 23-CV-0612 (HG) (E.D.N.Y. Aug. 7, 2023), Dkt. 9, and Plaintiff was awarded $7,627.40 in attorney's fees pursuant to the Equal Access to Justice Act

("EAJA"), 28 U.S.C. § 2412, *see* Dkt. Order, *Bennett v. Kijakazi*, No. 23-CV-0612 (HG) (E.D.N.Y. Nov. 27, 2023). On August 27, 2024, an administrative law judge ("ALJ") at the SSA again denied Plaintiff's claim for DIB, (*see* Bowes Decl., Dkt. 14, ¶ 13), and Plaintiff accordingly filed this action on December 19, 2024, (Compl., Dkt. 1). After Plaintiff filed a motion for judgment on the pleadings, (Mot. J. Pleadings, Dkt. 5), the parties stipulated to again remand the case to the SSA, (Joint Mot. Remand, Dkt. 8). The Court so-ordered the stipulation on May 5, 2025, reversed the Commissioner's final decision, and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g). (05/05/2025 Dkt. Order.) Upon a joint motion by the parties, (Joint Mot. Att'y Fees, Dkt. 12), the Court awarded Plaintiff $4,559.68 in attorney's fees pursuant to the EAJA, (09/04/2025 Dkt. Order). On December 13, 2025, the SSA mailed Plaintiff a Notice of Award letter informing him that he would receive approximately $266,256 in past-due benefits, with 25% ($66,564) withheld as possible fees for his attorney. (Bowes Decl., Dkt. 14, ¶ 24, ECF[1] 19–21.)

By motion filed on January 2, 2026, Plaintiff now seeks $66,564 for work performed by Mr. Bowes before this Court. (Mot. Att'y Fees, Dkt. 13; Bowes Decl., Dkt. 14, ¶¶ 25–26.) Along with his motion, Mr. Bowes submitted a fee agreement, (Bowes Decl., Dkt. 14, at ECF 13), demonstrating that Plaintiff retained counsel on a 25% contingency-fee basis, and itemized time records, indicating that counsel spent a total of 49.6 hours litigating Plaintiff's two federal court actions, (*see id.* at ECF 15, 17). An award of $66,564 for 49.6 hours of work would result in an effective hourly rate of approximately $1,342.02.

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

## DISCUSSION

### I. Timeliness

Motions for attorney's fees under Section 406(b) must be filed within the 14-day filing period proscribed by Federal Rule of Civil Procedure ("Rule") 54(d). *Sinkler v. Berryhill*, 932 F.3d 83, 86–89 (2d Cir. 2019). The 14-day period begins to run from when "counsel receives notice of the benefits award," *id.* at 88, and the law presumes that "a party receives communications three days after mailing," *id.* at 89 n.5 (citing *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011)). Furthermore, because Rule 54(d) allows courts to extend the 14-day deadline by court order, "district courts are empowered to enlarge that filing period where circumstances warrant." *Id.* at 89 (citations omitted).

Mr. Bowes received notice of the benefits award on December 18, 2025, (Bowes Decl., Dkt. 14, ¶¶ 23, 30), and filed the present motion on January 2, 2026, fifteen days later, (*see* Mot. Att'y Fees, Dkt. 13). Although counsel filed the motion fifteen days after receiving notice of the award, the fourteenth day fell on New Year's Day, a legal holiday, rendering the motion timely under Federal Rule of Civil Procedure 6(a). *See* Fed. R. Civ. P. 6(a)(1)(C) (dictating that, when computing time for motion papers, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

### II. Reasonableness of the Requested Fee

#### A. Legal Standard

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). If the contingency percentage is within the 25% cap, and

there is no evidence of fraud or overreaching in making the agreement, a district court should test the agreement for reasonableness. *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).

To determine whether a fee is reasonable, a district court should consider (1) "the character of the representation and the results the representative achieved"; (2) "whether a claimant's counsel is responsible for undue delay," unjustly allowing counsel to obtain a percentage of additional past-due benefits;[2] and (3) whether the requested amount is so "large in comparison to the time that counsel spent on the case" as to be a "windfall" to the attorney." *Id.* at 853 (citation omitted). Ultimately, a district court may reduce the amount called for in the contingency fee agreement "only when [the court] finds the amount to be unreasonable," after considering the factors outlined above. *Id.* at 852–53.

The windfall factor is not equivalent to the traditional "lodestar" inquiry, where a court is called on to act as an arbiter of "'reasonableness' between the opposing interests of the prevailing plaintiffs and losing defendants." *Id.* at 854 (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). Rather, "courts must consider more than the de facto hourly rate," because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* The Second Circuit instructed courts to consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," *id.*; (2) "the nature and length of the professional relationship with the claimant—including any

[2] This is because the amount of benefits a successful plaintiff receives is calculated from the date of onset up to the date the SSA awards benefits on remand. *See Fields*, 24 F.4th at 849 n.2 ("Undue delay can be a particular problem in cases like these, in which past-due benefits are at stake. Because delay increases the size of a plaintiff's recovery, it may also increase disproportionately a lawyer's contingent fee recovery." (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002) (noting that "where the attorney is responsible for delay, the attorney should not be allowed to profit from the accumulation of benefits during the pendency of the case in court"))).

representation at the agency level," *id.* at 855; (3) "the satisfaction of the disabled claimant," *id.*; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," *id.*

In addition, if fee awards are made to a claimant's attorney under both the EAJA and Section 406(b), the attorney must refund the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients.").

**B. Application**

Here, Plaintiff retained Mr. Bowes pursuant to a 25% contingency fee agreement. (Bowes Decl., Dkt. 14, at ECF 13). There are no allegations of fraud or overreaching with respect to the retainer agreement. Mr. Bowes seeks the full 25% of Plaintiff's past-due benefits. (*Id.* ¶ 35.) At 49.6 hours of work, that would be an effective hourly rate of $1,342.02. For the reasons explained below, the Court finds that amount to be reasonable in the context of this case.

To determine reasonableness, the Court first considers "the character of the representation and the results the representative achieved." *Fields*, 24 F.4th at 849. Here, counsel twice successfully obtained a remand of Plaintiff's claim to the SSA, (*see* Bowes Decl., Dkt. 14, ¶¶ 8, 16), and ultimately secured a favorable disability determination resulting in an award of approximately $266,256 in past-due benefits, the result Plaintiff sought when initiating both federal court actions, (*see id.* ¶¶ 21, 24). The Court therefore finds that this factor does not warrant a downward adjustment.

Second, the Court must determine whether counsel was responsible for undue delays. *Fields*, 24 F.4th at 849. The record contains no evidence that counsel caused any unreasonable delay in this litigation. To the contrary, counsel timely filed the complaint, moved for judgment

on the pleadings, and obtained a stipulation of remand from the Commissioner.[3] This factor therefore does not support a reduction in fees.

The third consideration with respect to reasonableness is whether the requested amount constitutes a "windfall." *Fields*, 24 F.4th at 854. The Court analyzes four factors in determining whether a requested amount qualifies as a windfall. *See id.* at 854–56.

First, with respect to "the ability and expertise of the lawyers and whether they were particularly efficient," *id.* at 854, the Court believes that 49.6 hours was a reasonable amount of time to spend in this matter. In *Fields*, the Second Circuit found that 25.8 hours reviewing an 863-page transcript, drafting a 19-page brief, and then obtaining a stipulation of dismissal demonstrated particular efficiency, and that "other lawyers might reasonably have taken twice as much time" to do the same work, justifying a *de facto* hourly rate of $1,556.98. *Id.* Here, in the present action, counsel reviewed a 966-page administrative transcript, (*see* Administrative Tr., Dkt. 4), prepared a 31-page motion for judgment on the pleadings, (*see* Mot. J. Pleadings, Dkt. 5), and obtained a stipulated remand without opposition briefing or a merits decision from the Court, (*see* Joint Mot. Remand, Dkt. 8). Counsel achieved a similar result in Plaintiff's prior federal action challenging the denial of the same disability claim, where he likewise obtained a stipulated remand without requiring opposition briefing or a merits decision from the court. *See Bennett v. Kijakazi*, No. 23-

[3] Counsel did not cause any undue delay in either action. The SSA Appeals Council denied review of Plaintiff's DIB claim on December 22, 2022, making the decision final, and Plaintiff filed the first federal action thirty-six days later, on January 27, 2023. *See* Compl., *Bennett v. Kijakazi*, No. 23-CV-0612 (HG) (E.D.N.Y. Jan. 27, 2023), Dkt. 1. Counsel then timely filed Plaintiff's motion for judgment on the pleadings. *See* Mot. J. Pleadings, *Bennett v. Kijakazi*, No. 23-CV-0612 (HG) (E.D.N.Y. May 1, 2023), Dkt. 7. Following remand, the ALJ's denial of DIB became final on October 28, 2024, (*see* Bowes Decl., Dkt. 14, ¶ 14), and Plaintiff filed the present action less than two months later, (*see* Compl., Dkt. 1). Plaintiff likewise timely filed his motion for judgment on the pleadings in this action in accordance with the Court's briefing schedule. (*See* Mot. J. Pleadings, Dkt. 5).

CV-0612 (HG) (E.D.N.Y filed Jan. 27, 2023). Counsel's ability to secure remands in both federal actions via motions for judgment on the pleadings that led the SSA to determine it was better off consenting to a remand reflects efficiency and expertise in litigation. This factor does not suggest a windfall and does not warrant a downward adjustment.

Second, with respect to "the nature and length of the professional relationship with the claimant—including any representation at the agency level," *Fields*, 24 F.4th at 855—the Court notes that Mr. Bowes represented Plaintiff through two separate federal court proceedings challenging the denial of Plaintiff's disability claim. Plaintiff retained Mr. Bowes after the SSA Appeals Council denied review of the initial unfavorable administrative decision and later retained him again to challenge the second unfavorable administrative decision issued on remand. (*See* Bowes Decl., Dkt. 14, ¶¶ 6–9, 15–17.) In *Fields*, counsel represented the claimant throughout the administrative proceedings, including multiple hearings before ALJs and petitions to the SSA Appeals Council, which further enabled counsel to efficiently litigate the claimant's case in federal court. 24 F.4th at 855. Although the record does not indicate that Mr. Bowes represented Plaintiff throughout the administrative proceedings, counsel maintained a substantial professional relationship with Plaintiff across multiple years through repeated litigation concerning the same DIB application. Accordingly, this factor does not suggest that the requested fee constitutes a windfall and does not warrant a downward adjustment.

With respect to "the satisfaction of the disabled claimant," *id.*, the Court presumes that Plaintiff is satisfied with the results, with no evidence to the contrary. *See Gray v. Comm'r of Soc. Sec.*, No. 20-CV-3916 (PKC), 2023 WL 3948796, at *4 (E.D.N.Y. June 12, 2023). Counsel successfully obtained the relief sought through this litigation and Plaintiff ultimately received approximately $266,256 in past-due benefits. (*See* Dkt. 14, ¶ 24.) Moreover, there is no evidence

that counsel caused any delay that may have warranted dissatisfaction. Therefore, this factor does not suggest that the requested fee constitutes a windfall and does not warrant a downward adjustment.

Lastly, with respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," *Fields*, 24 F.4th at 855, the Court finds that counsel undertook meaningful risk in accepting representation on a contingency-fee basis. Not only had Plaintiff's claim been denied by both the ALJ and the SSA Appeals Council when counsel brought the first action, but Plaintiff had already been denied DIB after remand when counsel agreed to take the case to federal court a second time. In doing so, counsel assumed the risk that he would receive no compensation if the SSA continued to deny DIB and litigation proved unsuccessful. Although the Commissioner ultimately twice stipulated to remand after Plaintiff filed motions for judgment on the pleadings, counsel nevertheless expended substantial effort reviewing two administrative records and pursuing relief through multiple rounds of federal court litigation. The favorable result Mr. Bowes ultimately obtained was therefore far from guaranteed and required significant effort. Accordingly, the Court finds that this factor does not suggest a windfall and does not warrant a downward adjustment.

For the reasons explained above, the Court finds the requested amount to be reasonable. Additionally, upon receiving the Section 406(b) award, Mr. Bowes must remit the $12,187.08 received pursuant to the EAJA to Plaintiff.

**CONCLUSION**

For the reasons explained above, the pending motion for attorney's fees under 42 U.S.C. § 406(b) is granted, and Christopher James Bowes is awarded $66,564. Upon receipt of this award from the government, Mr. Bowes shall promptly refund Plaintiff $12,187.08, which represents the EAJA fees already received by counsel. The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 17, 2026
Brooklyn, New York